**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**
**Criminal No. 2:15cr151**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **RONALD MILTIER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT MILTIER'S PROPOSED JURY INSTRUCTIONS**

Defendant Ronald Miltier, by counsel, pursuant to Local Criminal Rule 30, submits his

proposed jury instructions as set forth hereafter.

**RONALD MILTIER**


_____/s/_____

James R. Theuer (VSB #68712)
Attorney for Defendant Ronald Miltier
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA  23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com

1

INDEX

1.      INTRODUCTION TO THE FINAL CHARGE – PROVINCE OF THE COURT AND OF THE JURY.

2.      JUDGING THE EVIDENCE.

3.      EVIDENCE RECEIVED IN THE CASE – STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED.

4.      DIRECT AND CIRCUMSTANTIAL EVIDENCE.

5.      INFERENCES FROM THE EVIDENCE.

6.      JURY'S RECOLLECTION CONTROLS.

7.      OBJECTIONS AND RULINGS.

8.      COURT'S QUESTIONS TO WITNESSES.

9.      COURT'S COMMENTS TO COUNSEL.

10.     COURT'S COMMENTS ON CERTAIN EVIDENCE.

11.     THE SUPERSEDING INDICTMENT IS NOT EVIDENCE.

12.     THE QUESTION IS NOT EVIDENCE.

13.     CONSIDER ONLY THE OFFENSES CHARGED.

14.     CONSIDER EACH COUNT SEPARATELY.

15.     PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT.

16.     NUMBER OF WITNESSES CALLED IS NOT CONTROLLING.

17.     CREDIBILITY OF WITNESSES GENERALLY.

18.     LAW ENFORCEMENT WITNESSES.

19.     OPINION EVIDENCE – THE EXPERT WITNESS.

20.     PROOF OF KNOWLEDGE OR INTENT.

21.     SUMMARY CHARTS.

22.     ON OR ABOUT EXPLAINED.

23.     EFFECT OF THE DEFENDANT NOT TESTIFYING.

24.     NATURE OF THE OFFENSES CHARGED – COUNTS ONE THROUGH SEVEN.

25.     STATUTE DEFINING THE OFFENSE CHARGED – COUNTS ONE THROUGH SEVEN.

26.     ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNTS ONE THROUGH SEVEN.

27.     FIRST ELEMENT - RECEIVING.

28.     SECOND ELEMENT – EFFECT ON INTERSTATE COMMERCE.

29.     THIRD ELEMENT – VISUAL DEPICTION WAS CHILD PORNOGRAPHY.

30.     'SEXUALLY EXPLICIT CONDUCT" - DEFINED.

31.     FOURTH ELEMENT – DEFENDANT ACTED KNOWLINGLY.

32.     INTENTIONALLY/VOLUNTARILY DEFINED.

33.     NATURE OF THE OFFENSE CHARGED –COUNT EIGHT.

34.     STATUTE DEFINING THE OFFENSE CHARGED – COUNT EIGHT.

35.     ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT EIGHT.

36.     FIRST ELEMENT- POSSESSION.

37.     SECOND ELEMENT – EFFECT ON INTERSTATE COMMERCE.

38.     THIRD ELEMENT – VISUAL DEPICTION WAS CHILD PORNOGRAPHY.

39.     FOURTH ELEMENT – DEFENDANT ACTED KNOWINGLY.

40.     VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY- PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT.

JURY INSTRUCTION NO. 1

INTRODUCTION TO THE FINAL CHARGE--PROVINCE OF THE COURT AND OF THE
JURY

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE TO BE RECEIVED IN THIS
TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL IT BECOMES MY DUTY TO
GIVE YOU THE FINAL INSTRUCTIONS OF THE COURT AS TO THE LAW THAT IS
APPLICABLE TO THIS CASE. YOU SHOULD USE THESE INSTRUCTIONS TO GUIDE
YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT—THOSE
GIVEN TO YOU AT THE BEGINNING OF THE TRIAL, THOSE GIVEN TO YOU DURING
THE TRIAL, AND THESE FINAL INSTRUCTIONS--MUST GUIDE AND GOVERN YOUR
DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE
INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE
FACTS AS YOU FIND THEM FROM THE EVIDENCE RECEIVED DURING THE TRIAL.
COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE
RULES OF LAW IN THEIR CLOSING ARGUMENTS TO YOU. IF, HOWEVER, ANY
DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND

THAT AS STATED BY THE COURT IN THESE INSTRUCTIONS, YOU, OF COURSE,
ARE TO BE GOVERNED BY THE INSTRUCTIONS GIVEN TO YOU BY THE COURT.
YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE
LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE IN REACHING YOUR
DECISIONS.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW
STATED BY THE COURT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO
WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN

DUTY TO BASE ANY PART OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN IN THESE INSTRUCTIONS OF THE COURT JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS THE JUDGES OF THE FACTS, TO BASE YOUR VERDICT UPON ANYTHING BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JURORS FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED BY THE ALLEGATIONS BROUGHT BY THE GOVERNMENT IN THE INDICTMENT AND THE PLEA OF NOT GUILTY BY THE DEFENDANT.

IN RESOLVING THE ISSUES PRESENTED TO YOU FOR DECISION IN THIS TRIAL YOU MUST NOT BE PERSUADED BY BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST ANY OF THE PARTIES TO THIS CASE OR BY ANY PUBLIC OPINION. JUSTICE--THROUGH TRIAL BY JURY--DEPENDS UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS HERE IN THE COURTROOM AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW AS NOW BEING GIVEN TO EACH OF YOU IN THESE INSTRUCTIONS OF THE COURT.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 12.01 (5th ed. 2000).

JURY INSTRUCTION NO. 2

JUDGING THE EVIDENCE

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE. USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE THE EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO. IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT. REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS WITH THE GOVERNMENT.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 12.02 (5th ed. 2000).

JURY INSTRUCTION NO. 3

EVIDENCE RECEIVED IN THE CASE--STIPULATIONS, JUDICIAL NOTICE, AND
INFERENCES PERMITTED

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE
WITNESSES--REGARDLESS OF WHO MAY HAVE CALLED THEM--ALL EXHIBITS
RECEIVED IN EVIDENCE--REGARDLESS OF WHO MAY HAVE PRODUCED THEM—
ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED; AND ALL
FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE
EXISTENCE OF A FACT, YOU MUST ACCEPT THE STIPULATION AS EVIDENCE AND
REGARD THAT FACT AS PROVED.

IF THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT
OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND
REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY
NOTICED.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION
WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED
STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT
EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE
NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION
OF FACT.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE
CASE. IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU
ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE
BALD ASSERTIONS IN THE EXHIBITS. IN OTHER WORDS, YOU ARE NOT LIMITED

SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED. YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 12.03 (5th ed. 2000).

JURY INSTRUCTION NO. 4

DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL--DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE. DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS TO HAVE ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT. THE LAW MAKES ABSOLUTELY NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE. YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE. AFTER WEIGHING ALL THE EVIDENCE, IF YOU ARE NOT CONVINCED OF THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, YOU MUST FIND HIM NOT GUILTY.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 12.04 (5th ed. 2000).

JURY INSTRUCTION NO. 5

INFERENCES FROM THE EVIDENCE

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 12.05 (5th ed. 2000).

JURY INSTRUCTION NO. 6

JURY'S RECOLLECTION CONTROLS

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 12.07 (5th ed. 2000).

JURY INSTRUCTION NO. 7

OBJECTIONS AND RULINGS

TESTIMONY AND/OR AN EXHIBIT CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS. IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW. ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE. YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE AN OBJECTION.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE. I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION REGARDING THAT PARTICULAR PIECE OF TESTIMONY OR EXHIBIT.

AUTHORITY:  1A O'Malley, et al., Federal Jury Practice and Instructions, Section 11:03 (6th ed. 2008).

JURY INSTRUCTION NO. 8

COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF A TRIAL, I MAY HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS.   DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS MAY RELATE. THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFYA MATTER--NOT TO HELP ONE SIDE OF THE CASE OR HURT THE OTHER SIDE.

REMEMBER AT ALL TIMES THAT YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY:  lA O'Malley, et al., Federal Jury Practice and Instructions, Section 11:05 (6th ed. 2008).

JURY INSTRUCTION NO. 9

COURT'S COMMENTS TO COUNSEL

IT IS THE DUTY OF THE COURT TO ADMONISH AN ATTORNEY WHO, OUT OF ZEAL FOR HIS OR HER CAUSE, DOES SOMETHING WHICH I FEEL IS NOT IN KEEPING WITH THE RULES OF EVIDENCE OR PROCEDURE.

YOU ARE TO DRAW ABSOLUTELY NO INFERENCE AGAINST THE SIDE TO WHOM AN ADMONITION OF THE COURT MAY HAVE BEEN ADDRESSED DURING THE TRIAL OF THIS CASE.

AUTHORITY:  1A O'Malley, et al., Federal Jury Practice and Instructions, Section 11:04 (6th ed. 2008).

JURY INSTRUCTION NO. 10

COURT'S COMMENTS ON CERTAIN EVIDENCE

THE LAW OF THE UNITED STATES PERMITS A FEDERAL JUDGE TO COMMENT TO THE JURY ON THE EVIDENCE IN A CASE. SUCH COMMENTS ARE, HOWEVER, ONLY EXPRESSIONS OF MY OPINION AS TO THE FACTS AND THE JURY MAY DISREGARD THEM ENTIRELY. YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE. IT IS YOUR RECOLLECTION AND EVALUATION OF THE EVIDENCE THAT IS IMPORTANT TO THE VERDICT IN THIS CASE.

ALTHOUGH YOU MUST FOLLOW THE COURT'S INSTRUCTIONS CONCERNING THE LAW APPLICABLE TO THIS CASE, YOU ARE TOTALLY FREE TO ACCEPT OR REJECT MY OBSERVATIONS CONCERNING THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 11.06 (6th ed. 2008).

JURY INSTRUCTION NO. 11

THE SUPERSEDING INDICTMENT IS NOT EVIDENCE

AN INDICTMENT IS BUT A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME. IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT. THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIME CHARGED. EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

THE DEFENDANT HAS PLED "NOT GUILTY" TO THE SUPERCEDING INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, Section 13.04 (5th ed. 2000).

JURY INSTRUCTION NO. 12

THE QUESTION IS NOT EVIDENCE

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT EVIDENCE. THEREFORE, IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AN ASSERTION OF FACT, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT. ONLY THE ANSWERS ARE EVIDENCE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, Section 12.08 (modified) (6th ed. 2008).

JURY INSTRUCTION NO. 13

CONSIDER ONLY THE OFFENSES CHARGED

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR ANY CONDUCT NOT SPECIFICALLY CHARGED IN THE INDICTMENT.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, Section 12.09 (6th ed. 2008),

DEFENDANT'S JURY INSTRUCTION NO. 14

CONSIDER EACH COUNT SEPARATELY

A SEPARATE CRIME IS CHARGED IN EACH COUNT OF THE INDICTMENT. EACH CHARGE, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY. THE FACT THAT YOU MAY FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE OF THE COUNTS SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER COUNT.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, Section 12.12 (6th ed. 2008).

JURY INSTRUCTION NO. 15

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I INSTRUCT YOU THAT YOU MUST PRESUME THE DEFENDANT TO BE INNOCENT OF THE CRIME CHARGED. THUS THE DEFENDANT, ALTHOUGH ACCUSED OF A CRIME IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE"--WITH NO EVIDENCE AGAINST THEM. THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND. THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE DEFENDANT. THE PRESUMPTION OF INNOCENCE ALONE, THEREFORE, IS SUFFICIENT TO ACQUIT THE DEFENDANT.

THE BURDEN OF PROOF IS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSSEXAMINING THE WITNESSES FOR THE GOVERNMENT.

THE JURY WILL REMEMBER THAT A DEFENDANT IS NEVER TO BE CONVICTED ON MERE SUSPICION OR CONJECTURE.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT HAS COMMITTED EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED IN THE INDICTMENT, YOU MUST FIND THE DEFENDANT NOT GUILTY OF THE OFFENSE. IF THE JURY VIEWS THE EVIDENCE IN THE CASE AS REASONABLY PERMITTING EITHER OF TWO CONCLUSIONS--ONE OF INNOCENCE, THE OTHER OF GUILT--THE JURY MUST, OF COURSE, ADOPT THE CONCLUSION OF INNOCENCE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 12.10 (5th ed. 2000).

JURY INSTRUCTION NO. 16

NUMBER OF WITNESSES CALLED IS NOT CONTROLLING

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY. YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU CHOOSE TO BELIEVE OR NOT BELIEVE.

YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE CREDIBLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice & Instructions, Section 14.16 (5th Ed. 2000)

JURY INSTRUCTION NO. 17

CREDIBILITY OF WITNESSES GENERALLY

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT OF THAT WITNESS YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN BY THAT WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND ALL OF THE OTHER EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF. CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS.

CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE, THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY. INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON HUMAN EXPERIENCE. IN WEIGHING THE EFFECT OF A

DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES. YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGE BEYOND A REASONABLE DOUBT.

(THE TESTIMONY OF THE DEFENDANT SHOULD BE JUDGED IN THE SAME MANNER AS THE TESTIMONY OF ANY OTHER WITNESS.)

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 15.01 (5th Ed. 2000).

JURY INSTRUCTION NO. 18

LAW ENFORCEMENT WITNESSES

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS. THE FACT THAT A WITNESS MAY BE EMPLOYED BY THE GOVERNMENT AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT HIS TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

AUTHORITY: 1 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 7-16 (Rel. 60B-7/2/2013).

JURY INSTRUCTION NO. 19

OPINION EVIDENCE--THE EXPERT WITNESS

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT IMPORTANT QUESTIONS IN A TRIAL. AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES". AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA. IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO A MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS NOT BAED ON SUFFICIENT FACTS OR DATA, OR IF YOU SHOULD CONCLUDE THAT THE OPINION OF THE EXPERT IS BASED ON A THEORY THAT DOES NOT FIT THE EVIDENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, INCLUDING THAT OF OTHER "EXPERT WITNESSES," YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 14.01 (5th ed. 2000); Fed. R. Evid. 702.

JURY INSTRUCTION NO. 20

PROOF OF KNOWLEDGE OR INTENT

THE INTENT OF A PERSON OR THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVED DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND. IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW OR WHAT A PERSON INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE OR INTENT.

YOU MAY INFER, BUT YOU ARE CERTAINLY NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000).

JURY INSTRUCTION NO. 21

SUMMARY CHARTS

THE GOVERNMENT HAS INTRODUCED INTO EVIDENCE EXHIBIT(S) _____
WHICH ARE "SUMMARY CHARTS," THAT IS, IT IS A CHART WHICH SEEKS TO
SIMPLIFY OR DESCRIBE EVIDENCE RELEVANT TO THESE CHARGES.

YOU HAVE A RIGHT TO INSPECT THE UNDERLYING DOCUMENTS, THAT IS, YOU
MAY INSPECT THE ACTUAL EVIDENCE BEING SUMMARIZED. IF YOU WISH TO
CONDUCT SUCH AN INSPECTION DURING YOUR DELIBERATIONS, PLEASE FEEL
FREE TO ASK FOR THE DOCUMENTS.

YOU ARE SPECIFICALLY INSTRUCTED THAT WHETHER THE SUMMARY CHART
CORRECTLY OR INCORRECTLY SUMMARIZES THE UNDERLYING EVIDENCE IS
FOR YOU TO DETERMINE. THE SUMMARY CHART IS NOT ITSELF INDEPENDENT
EVIDENCE OF ANYTHING.

SHOULD YOU DECIDE THAT THE SUMMARY CHART IS INCORRECT OR
INACCURATE IN ANY RESPECT, YOU SHOULD DISREGARD IT TO THAT EXTENT.

AUTHORITY: Horn's Federal Criminal Jury Instructions for the Fourth Circuit, Instruction 4.15
(2009).

JURY INSTRUCTION NO. 22

"ON OR ABOUT" - EXPLAINED

THE INDICTMENT CHARGES THAT THE OFFENSES ALLEGED WERE COMMITTED "ON OR ABOUT" A CERTAIN DATE.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSE WERE COMMITTED ON A DATE REASONABLY NEAR THE DATES ALLEGED IN THE INDICTMENT, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSES WERE COMMITTED PRECISELY ON THE DATES CHARGED.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice & Instructions, Section 13.05 (5th Ed. 2000).

JURY INSTRUCTION NO. 23

EFFECT OF THE DEFENDANT NOT TESTIFYING

A DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT. NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT THE DEFENDANT DECIDED TO EXERCISE HER PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 15.14 (5th ed. 2000).

JURY INSTRUCTION NO. 24

THE NATURE OF THE OFFENSES CHARGED–COUNTS ONE THROUGH SEVEN

COUNTS ONE THROUGH SEVEN OF THE INDICTMENT CHARGE THE DEFENDANT WITH RECEIPT OF CHILD PORNOGRAPHY, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 2252A(a)(2)(A). AS FOLLOWS:

COUNT ONE OF THE INDICTMENT CHARGES THAT ON OR ABOUT MARCH 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS, MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "gfgvgvgffcfcrdyu (6).mpg," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT TWO OF THE INDICTMENT CHARGES THAT ON OR ABOUT MARCH 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS, MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "niña violada 4 años.avi," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT THREE OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS,

MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "dad pai comendo filha de 6yrrgr sdpa.avi," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT FOUR OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS, MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "!(~pthc center~)(opva)(2014) super young pussy open and cumm and dick to pussy (under 9).avi," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT FIVE OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS, MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "$ru5evvp.mpg," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT SIX OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS, MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "pthc father

anally breaks in 6 yo daughter.mpg," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

COUNT SEVEN OF THE INDICTMENT CHARGES THAT ON OR ABOUT APRIL 28, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY RECEIVE CHILD PORNOGRAPHY THAT HAS BEEN MAILED, SHIPPED, AND TRANSPORTED IN, AND AFFECTING INTERSTATE AND FOREIGN COMMERCE, BY ANY MEANS INCLUDING BY COMPUTER, THAT IS, MILTIER RECEIVED AND CAUSED TO BE RECEIVED A FILE ENTITLED "vicky darkstudio 13y blowjob.avi," WHICH CONTAINED CHILD PORNOGRAPHY, AND WAS RECEIVED AND TRANSPORTED OVER THE INTERNET TO MILTIER'S COMPUTER LOCATED IN THE EASTERN DISTRICT OF VIRGINIA.

(IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2252A(a)(2)(A), 2256(1), 2256(2), 2256(8)(A) AND 2.)

AUTHORITY:  Superseding Indictment.

251-252

JURY INSTRUCTION NO. 25

THE STATUTE DEFINING THE OFFENSES CHARGED COUNTS ONE THROUGH
SEVEN

SECTION 2252A OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN
PERTINENT PART:

ANY PERSON WHO KNOWINGLY RECEIVES ANY CHILD PORNOGRAPHY THAT
HAS BEEN MAILED, OR USING ANY MEANS OR FACILITY OF INTERSTATE OR
FOREIGN COMMERCE SHIPPED OR TRANSPORTED IN OR AFFECTING INTERSTATE
OR FOREIGN COMMERCE BY ANY MEANS, INCLUDING BY COMPUTER SHALL BE
GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY: 18 U.S.C. § 2252A(a)(2)(A).

JURY INSTRUCTION NO. 26

THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED–COUNTS ONE THROUGH
SEVEN

IN ORDER TO PROVE THE DEFENDANT RONALD MILTIER GUILTY OF RECEIVING
CHILD PORNOGRAPHY, AS CHARGED IN COUNTS 1 THROUGH 7 OF THE
INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING
ELEMENTS BEYOND A REASONABLE DOUBT WITH RESPECT TO EACH
INDIVIDUAL COUNT:

FIRST, THAT THE DEFENDANT KNOWINGLY RECEIVED A VISUAL DEPICTION, AS I
WILL EXPLAIN THAT TERM TO YOU;

SECOND, THAT THE VISUAL DEPICTION WAS RECEIVED IN OR AFFECTING
INTERSTATE OR FOREIGN COMMERCE;

THIRD, THAT THE VISUAL DEPICTION WAS CHILD PORNOGRAPHY; AND

FOURTH, THAT THE DEFENDANT KNEW OF THE SEXUALLY EXPLICIT NATURE OF
THE MATERIAL AND THAT THE VISUAL DEPICTION WAS OF AN ACTUAL MINOR
ENGAGED IN THAT SEXUALLY EXPLICIT CONDUCT.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-26 (Rel. 60B-7/2/2013).

DEFENDANT'S JURY INSTRUCTION NO. 27

FIRST ELEMENT–RECEIVING

THE FIRST ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY RECEIVED A VISUAL DEPICTION.

A "VISUAL DEPICTION" INCLUDES ANY PHOTOGRAPH, FILM, VIDEO, OR PICTURE, INCLUDING UNDEVELOPED FILM AND VIDEOTAPE, AND DATA STORED ON COMPUTER DISK OR BY ELECTRONIC MEANS WHICH IS CAPABLE OF CONVERSION INTO A VISUAL IMAGE.

TO "RECEIVE" A VISUAL DEPICTION MEANS TO TAKE POSSESSION OF IT.  THIS INCLUDES THE KNOWING ACCEPTANCE OF A DEPICTION PRECISELY REQUESTED.  RECEIVING INCLUDES THE DOWNLOADING OF A PHOTOGRAPH OR VIDEO BY MEANS OF THE INTERNET.

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT RECEIVED THE DEPICTION KNOWINGLY. AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE OR SOME OTHER INNOCENT REASON.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-28 (Rel. 60B-7/2/2013).

JURY INSTRUCTION NO. 28

SECOND ELEMENT–EFFECT ON INTERSTATE COMMERCE

THE SECOND ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VISUAL DEPICTION WAS MAILED OR ACTUALLY TRANSPORTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE.

THE INDICTMENT ALLEGES THAT THE VISUAL DEPICTION WAS TRANSPORTED OVER THE INTERNET.  TRANSMISSION OF PHOTOGRAPHS OR VIDEO BY MEANS OF THE INTERNET CONSTITUTES TRANSPORTATION IN OR AFFECTING INTERSTATE COMMERCE. HOWEVER, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE SPECIFIC DEPICTION IN QUESTION WAS ACTUALLY TRANSMITTED BY MEANS OF THE INTERNET.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-33 (Rel. 60B-7/2/2013) (modified).

JURY INSTRUCTION NO. 29

THIRD ELEMENT–VISUAL DEPICTION WAS CHILD PORNOGRAPHY

THE THIRD ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VISUAL DEPICTION WAS CHILD PORNOGRAPHY.

THE VISUAL DEPICTION MUST BE OF A REAL PERSON UNDER THE AGE OF EIGHTEEN ENGAGING IN SEXUALLY EXPLICIT CONDUCT. THE GOVERNMENT DOES NOT HAVE TO PROVE THE IDENTITY OF THE MINOR OR THE EXACT AGE OF THE MINOR. YOU MAY CONSIDER ALL OF THE EVIDENCE, INCLUDING YOUR VIEWING OF THE DEPICTION, IN DETERMINING WHETHER THE DEPICTION PORTRAYED AN ACTUAL PERSON UNDER THE AGE OF EIGHTEEN ENGAGING IN SEXUALLY EXPLICIT CONDUCT.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-36 (Rel. 60B-7/2/2013).

JURY INSTRUCTION NO. 30

"SEXUALLY EXPLICIT CONDUCT"–DEFINED

THE TERM "SEXUALLY EXPLICIT CONDUCT" MEANS ACTUAL OR SIMULATED SEXUAL INTERCOURSE, INCLUDING GENITAL-GENITAL, ORAL-GENITAL, ANALGENITAL, OR ORAL-ANAL, WHETHER BETWEEN PERSONS OF THE SAME OR OPPOSITE SEX; BESTIALITY; MASTURBATION; SADISTIC OR MASOCHISTIC ABUSE; OR LASCIVIOUS EXHIBITION OF THE GENITALS OR PUBIC AREA OF ANY PERSON.

THE TERM "LASCIVIOUS EXHIBITION" MEANS A DEPICTION WHICH DISPLAYS OR BRINGS TO VIEW TO ATTRACT NOTICE TO THE GENITALS OR PUBIC AREA OF CHILDREN IN ORDER TO EXCITE LUSTFULNESS OR SEXUAL STIMULATION IN THE VIEWER. NOT EVERY EXPOSURE OF THE GENITALS OR PUBLIC AREA CONSTITUTES A LASCIVIOUS EXHIBITION. IN DECIDING WHETHER THE GOVERNMENT HAS PROVED THAT A PARTICULAR VISUAL DEPICTION CONSTITUTES A LASCIVIOUS

EXHIBITION, YOU SHOULD CONSIDER THE FOLLOWING QUESTIONS:

1. WHETHER THE FOCAL POINT OF THE VISUAL DEPICTION IS ON THE CHILD'S GENITALS OR PUBIC AREA, OR WHETHER THERE IS SOME OTHER FOCAL AREA.

2. WHETHER THE SETTING OF THE VISUAL DEPICTION MAKES IT APPEAR TO BE SEXUALLY SUGGESTIVE, FOR EXAMPLE, IN A PLACE OR POSE GENERALLY ASSOCIATED WITH SEXUAL ACTIVITY.

3. WHETHER THE CHILD IS DISPLAYED IN AN UNNATURAL POSE, OR IN INAPPROPRIATE ATTIRE, CONSIDERING THE AGE OF THE CHILD.

4. WHETHER THE CHILD IS FULLY OR PARTIALLY CLOTHED, OR NUDE, ALTHOUGH NUDITY IS NOT IN AND OF ITSELF LASCIVIOUS;

5. WHETHER THE VISUAL DEPICTION SUGGESTS SEXUAL COYNESS OR A

WILLINGNESS TO ENGAGE IN SEXUAL ACTIVITY; AND

6. WHETHER THE VISUAL DEPICTION IS INTENDED OR DESIGNED TO ELICIT A SEXUAL RESPONSE IN THE VIEWER.

IT IS NOT REQUIRED THAT A PARTICULAR VISUAL DEPICTION INVOLVE ALL OF THESE FACTORS TO BE A LASCIVIOUS EXHIBITION. THE IMPORTANCE WHICH YOU GIVE TO ANY ONE FACTOR IS UP TO YOU TO DECIDE.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-37 (Rel. 60B-7/2/2013).

JURY INSTRUCTION NO. 31

FOURTH ELEMENT–DEFENDANT ACTED KNOWINGLY

THE FOURTH ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNEW THAT THE MATERIAL HE POSSESSED WAS CHILD PORNOGRAPHY.

AS I STATED BEFORE, AN ACT IS DONE KNOWINGLY WHEN IT IS DONE VOLUNTARILY AND INTENTIONALLY AND NOT BECAUSE OF ACCIDENT, MISTAKE OR SOME OTHER INNOCENT REASON.

IN THIS CASE, THE TERM "KNOWINGLY" REFERS TO AN AWARENESS OF THE SEXUALLY EXPLICIT NATURE OF THE MATERIAL, AND TO THE KNOWLEDGE THAT THE VISUAL DEPICTIONS WERE IN FACT OF ACTUAL MINORS ENGAGED IN THAT SEXUALLY EXPLICIT CONDUCT.

THE GOVERNMENT MUST SHOW THAT THE DEFENDANT HAD KNOWLEDGE OF THE GENERAL NATURE OF THE CONTENTS OF THE MATERIAL. THE DEFENDANT NEED NOT HAVE SPECIFIC KNOWLEDGE AS TO THE IDENTITY OR ACTUAL AGE OF THE UNDERAGE PERFORMER, BUT THE DEFENDANT MUST HAVE KNOWLEDGE OR AN AWARENESS THAT THE MATERIAL CONTAINED A VISUAL DEPICTION OF A MINOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT. SUCH KNOWLEDGE MAY BE SHOWN BY DIRECT OR CIRCUMSTANTIAL EVIDENCE, OR BOTH. EYEWITNESS TESTIMONY OF THE DEFENDANT'S VIEWING OF THE MATERIAL IS NOT NECESSARY TO PROVE HIS AWARENESS OF ITS CONTENTS; THE CIRCUMSTANCES MAY WARRANT AN INFERENCE THAT HE WAS AWARE OF WHAT THE MATERIAL DEPICTS. FURTHERMORE, THE DEFENDANT'S BELIEF AS TO THE LEGALITY OR ILLEGALITY OF THE MATERIAL IS IRRELEVANT.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-39 (Rel. 60B-7/2/2013).

JURY INSTRUCTION NO. 32

INTENTIONALLY/VOLUNTARILY DEFINED

BEFORE YOU CAN FIND THAT THE DEFENDANT ACTED INTENTIONALLY OR VOLUNTARILY, YOU MUST BE SATISFIED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED DELIBERATELY AND PURPOSEFULLY.   THAT IS, THE DEFENDANT'S ACTS MUST HAVE BEEN THE PRODUCT OF THE DEFENDANT'S CONSCIOUS OBJECTIVE RATHER THAN THE PRODUCT OF A MISTAKE OR ACCIDENT.

AUTHORITY:  1 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 3A-4 (modified); United States v. Lankford, 196 F.3d 563 (5th Cir. 1999).

JURY INSTRUCTION NO. 33

THE NATURE OF THE OFFENSE CHARGED–COUNT EIGHT

COUNT EIGHT OF THE INDICTMENT CHARGES THAT ON OR ABOUT MAY 7, 2014, IN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT RONALD MILTIER DID UNLAWFULLY AND KNOWINGLY POSSESS MATERIAL, THAT IS, AN ACER LAPTOP COMPUTER WITH HITACHI 160 GB HARD DRIVE THAT CONTAINED ONE OR MORE IMAGES AND VIDEOS OF CHILD PORNOGRAPHY, WHICH IMAGES AND VIDEOS HAD BEEN TRANSPORTED IN INTERSTATE COMMERCE BY ANY MEANS, INCLUDING BY COMPUTER, AND WHICH IMAGES AND VIDEOS HAD BEEN PRODUCED USING MATERIAL THAT HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE.

(IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2252(a)(4)(B), AND 2256(1) AND (2)).

AUTHORITY: Superseding Indictment

JURY INSTRUCTION NO. 34

THE STATUTE DEFINING THE OFFENSE CHARGED - COUNT EIGHT

SECTION 2252A(a)(5)(B) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES,

IN PERTINENT PART:

ANY PERSON WHO KNOWINGLY POSSESSES, OR KNOWINGLY ACCESSES WITH INTENT TO VIEW, ANY BOOK, MAGAZINE, PERIODICAL, FILM, VIDEOTAPE, COMPUTER DISK, OR ANY OTHER MATERIAL THAT CONTAINS AN IMAGE OF CHILD PORNOGRAPHY THAT HAS BEEN MAILED, OR SHIPPED OR TRANSPORTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE BY ANY MEANS, INCLUDING BY COMPUTER, OR THAT WAS PRODUCED USING MATERIALS THAT HAVE BEEN MAILED, OR SHIPPED OR TRANSPORTED USING ANY MEANS OR FACILITY OF INTERSTATE OR FOREIGN COMMERCE OR IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE BY ANY MEANS INCLUDING BY COMPUTER, SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY: 18 U.S.C. § 2252A(a)(5)(B).

JURY INSTRUCTION NO. 35

THE ESSENTIAL ELEMENTS OF THE OFFENSES CHARGED–COUNT EIGHT

IN ORDER TO PROVE THE DEFENDANT RONALD MILTIER GUILTY OF POSSESSION CHILD PORNOGRAPHY, AS CHARGED IN COUNT 8 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT WITH RESPECT TO EACH INDIVIDUAL COUNT:

FIRST, THAT THE DEFENDANT, RONALD MILTIER, KNOWINGLY POSSESSED A VISUAL DEPICTION, AS I HAVE PREVIOUSLY DEFINED THAT TERM;

SECOND, THAT THE VISUAL DEPICTION WAS TRANSPORTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE;

THIRD, THAT THE VISUAL DEPICTION WAS CHILD PORNOGRAPHY, AS I HAVE PREVIOUSLY DEFINED THAT TERM; AND

FOURTH, THAT THE DEFENDANT RONALD MILTIER KNEW OF THE SEXUALLY EXPLICIT NATURE OF THE MATERIAL AND THAT THE VISUAL DEPICTION WAS OF AN ACTUAL MINOR ENGAGED IN THAT SEXUALLY EXPLICIT CONDUCT, AS I HAVE PREVIOUSLY DEFINED THAT TERM.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-39 (Rel. 60B-7/2/2013) (modified).

DEFENDANT'S JURY INSTRUCTION NO. 36

FIRST ELEMENT–POSSESSION

THE FIRST ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY POSSESSED A VISUAL DEPICTION.

TO "POSSESS" SOMETHING MEANS TO HAVE IT WITHIN A PERSON'S CONTROL. THIS DOES NOT NECESSARILY MEAN THAT THE PERSON MUST HOLD IT PHYSICALLY, THAT IS HAVE ACTUAL POSSESSION OF IT. AS LONG AS THE VISUAL DEPICTION IS WITHIN THE DEFENDANT'S CONTROL, HE POSSESSES IT. IF YOU FIND THAT THE DEFENDANT EITHER HAD ACTUAL POSSESSION OF THE DEPICTION, OR THAT HE HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER IT, EVEN THOUGH IT WAS NOT IN HIS PHYSICAL POSSESSION, YOU MAY FIND THAT THE GOVERNMENT HAS PROVEN POSSESSION.

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT POSSESSED THE DEPICTION KNOWINGLY AS I HAVE PREVIOUSLY DEFINED THAT TERM.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-31 (Rel. 60B-7/2/2013) (modified).

JURY INSTRUCTION NO. 37

SECOND ELEMENT–EFFECT ON INTERSTATE COMMERCE

THE SECOND ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VISUAL DEPICTION WAS TRANSPORTED IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE.

THE INDICTMENT ALLEGES THAT THE VISUAL DEPICTION HAD BEEN TRANSPORTED IN INTERSTATE COMMERCE BY ANY MEANS, INCLUDING BY COMPUTER, AND HAD BEEN PRODUCED USING MATERIALS THAT HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE.

THIS MEANS THAT THE GOVERNMENT MUST PROVE THAT THE CHILD PORNOGRAPHY CROSSED BETWEEN ONE STATE AND ANOTHER OR BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY AND THAT THE MATERIALS USED TO PRODUCE THE CHILD PORNOGRAPHY HAD PREVIOUSLY MOVED FROM ONE STATE TO ANOTHER OR BETWEEN THE UNITED STATES AND ANOTHER COUNTRY.

TRANSMISSION OF PHOTOGRAPHS OR VIDEO BY MEANS OF THE INTERNET CONSTITUTES TRANSPORTATION IN OR AFFECTING INTERSTATE COMMERCE. HOWEVER, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE SPECIFIC DEPICTION IN QUESTION WAS ACTUALLY TRANSMITTED BY MEANS OF THE INTERNET OR CROSSED BETWEEN ONE STATE AND ANOTHER OR BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY; OR YOU MUST FIND BEYOND A REASONABLE DOUBT THAT THE SPECIFIC DEPICTION IN QUESTION WAS PRODUCED USING MATERIALS THAT HAD PREVIOUSLY MOVED FROM ONE STATE TO ANOTHER OR BETWEEN THE UNITED STATES AND ANOTHER COUNTRY.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-33, -34 (Rel. 60B-7/2/2013) (modified).

JURY INSTRUCTION NO. 38

THIRD ELEMENT–VISUAL DEPICTION WAS CHILD PORNOGRAPHY

THE THIRD ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VISUAL DEPICTION WAS CHILD PORNOGRAPHY AS I HAVE PREVIOUSLY DEFINED THAT TERM.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-36 (Rel. 60B-7/2/2013) (modified).

JURY INSTRUCTION NO. 39

FOURTH ELEMENT–DEFENDANT ACTED KNOWINGLY

THE FOURTH ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNEW THAT THE MATERIAL WAS CHILD PORNOGRAPHY, MEANING THAT THE DEFENDANT ACTED KNOWINGLY AS I HAVE PREVIOUSLY DEFINED THAT TERM.

AUTHORITY: 3 Sand, et al., Modern Federal Jury Inst. Crim., Inst. 62-39 (Rel. 60B-7/2/2013) (modified).

JURY INSTRUCTION NO. 40

VERDICT--ELECTION OF FOREPERSON--DUTY TO DELIBERATE--UNANIMITY--
PUNISHMENT--FORM OF VERDICT--COMMUNICATION WITH THE COURT

UPON RETIRING TO THE JURY ROOM TO BEGIN YOUR DELIBERATION, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICTS MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICTS, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT.

EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF THEREBY BEING ABLE TO RETURN A UNANIMOUS VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES-- JUDGES OF THE FACTS OF THIS CASE. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICTS MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE. NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE

CONSIDERED. NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICTS SHOULD BE. NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT, WHICH HAS BEEN PREPARED FOR YOUR CONVENIENCE, IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN. WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.

AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS. THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSES CHARGED IN THE INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSES CHARGED.

FORMS OF VERDICT HAVE BEEN PREPARED FOR YOUR CONVENIENCE.

[PLEASE READ THE FORMS OF VERDICT TO THE JURY]

YOU WILL TAKE THESE FORMS TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICTS, DATE AND SIGN THE FORMS, AND THEN RETURN WITH YOUR VERDICTS TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE COURT SECURITY OFFICER. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE THAT THE COURT SECURITY OFFICER, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY CONCERNING THE EVIDENCE, YOUR OPINIONS, OR THE DELIBERATIONS.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON — NOT EVEN TO THE COURT - HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED UNANIMOUS VERDICTS.

AUTHORITY: 1A O'Malley, et al., Federal Jury Practice and Instructions, § 20.01 (5th ed. 2000).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of July, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

> Joseph L. Kosky, Esq.
> Ass't U.S. Attorney
> 8000 World Trade Center
> 101 W. Main St.
> Norfolk, VA  23510
> joseph.kosky@usdoj.gov

>        /s/
> ─────────────────────
> James R. Theuer (VSB #68712)
> Attorney for Defendant Ronald Miltier
> JAMES R. THEUER, PLLC
> 555 E. Main St., Suite 1212
> Norfolk, VA  23510
> Tel: (757) 446-8047
> Fax: (757) 446-8048
> jim@theuerlaw.com