UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
Criminal No. 2:15cr151

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD MILTIER | ) |
| | ) |
| Defendant. | ) |
| | ) |

### RONALD MILTIER'S OPPOSITION TO RESTITUTION

Defendant Ronald Miltier, by counsel, pursuant to the Court's oral order of October 24, 2016, presents the following as his opposition to the restitution request presented to the Court in the Second PSR Addendum.

### STATEMENT OF THE CASE

The Government is pursing a restitution request for the attorney for "Vicky" in the amount of $10,000. A hearing on restitution has been set for November 7, 2016, at 2:30 P.M. Mr. Miltier is submitting this brief by noon on October 27, 2016, pursuant to the oral order of the Court at the sentencing hearing on October 24, 2016.

### STATEMENT OF THE FACTS

At trial, the jury convicted Mr. Miltier of count seven of the Superseding Indictment, accusing him of receipt of child pornography, specifically a computer file named "Vicky darkstudio 13y blowjob.avi." No evidence was elicited at trial as to the identity of the individuals depicted in that file.

In materials submitted by the Government in support of its request, "Vicky's" attorney alleges that "Vicky" has suffered damages of $1,085,718.09 in losses from the "Vicky series" of

images. Hepburn letter of Oct. 12, 2016, p. 6 (hereafter "Hepburn Letter"). The images were created by "Vicky's" biological father. Id., Exh. 2, Step-Father's Stmt p. 2. There is no evidence of what constitutes the "Vicky series" including the number of images, the type, or whether the single image charged in count seven is one of them. "Vicky's" attorney has *collected* $858,093.95 in restitution as the result of 830 orders of restitution. Id. p. 2. There is no evidence of what amount of restitution has been ordered but remains outstanding, the rate at which restitution has been paid over a recent timeframe, the amount Hepburn anticipates receiving in the foreseeable future, or the number of restitution requests outstanding. For example, Hepburn does not disclose the five or more civil restitution lawsuits she has filed on behalf of "Vicky," including one in June 2016 in Federal Court in Macon, Georgia. Amy, et al. v. Anderson, no. 5:16-cv-00212-MTT (M.D.Ga.); Macon Telegraph, "Child Pornography Victims Sue Former Macon Banker For Restitution," Jun. 10, 2016, available at http://www.macon.com/news/local/crime/article83092057.html (reporting "Seattle-based attorney Carol Hepburn said the case against Anderson is one of about five Vicky has filed"). Hepburn does disclose that of the 830 restitution orders, 186 remain wholly outstanding. Hepburn Letter p. 6.

The statements submitted from a psychologist, a vocational consultant, and an economist are all two and one-half years old or older. The statements do not account for any of the significant developments that have occurred in "Vicky's" life since the dates of the last reports, namely the birth of her first child in May 2014, Vicky's Letter Supporting The Amy and Vicky Child Pornography Victim Restitution Improvement Act, May 3, 2014, available at http://childvictims.us/about-amy-and-vicky/#.WBIBBtzQW_I, the conferring of her Master's degree in August 2015, Hepburn Letter Exh. 5 p. 2, and her subsequent entry into the job market.

Hepburn's letter is devoid of any discussion of these milestones.

The damages claimed are not differentiated between those ostensibly based on the continuing traffic in images of "Vicky" from those based on the original sexual victimization. Hepburn ltr Exh. 5, Green Apr. 11, 2014 ltr p. 18.

The bulk of the damages claimed are characterized as lost past and future earnings, but are predicated on the conclusion by a psychologist that "Vicky" will have a "25% disruption impact in workplace stability and productivity[.]" Hepburn Letter Exh. 3, Green Apr. 23, 2014 ltr; see id. Exh. 5 p. 4, Exh. 7 p. 5. The basis for that opinion is missing from the materials provided. Green opined on December 2, 2009, that "It is impossible to predict the future in this case, but it is my professional opinion, based upon the emergent information of the past seven months, that a disruption in her vocational future could occur two or three times over her lifespan." Id. Exh. 3, Green Dec. 2, 2009 ltr p. 8. In his next letter of July 5, 2010, Green reported that "it is encouraging at this point to report that she is not in the disastrous psychological disintegration of late 2009," i.e., the state she was in when Green opined that she would suffer two or three vocational disruptions over her lifespan. Id. Exh. 3, Green Jul. 5, 2010 ltr p. 4. Vicky's vocational experience bears this out. She worked as an administrative assistant on a full time basis from February through August 2010 and told Green "Her experience was very positive and confidence building." Id. Exh. 3, Green Mar. 3, 2012 ltr p. 1. August 2010 is when "Vicky" returned to college full time. Id. Exh. 3, Green Mar. 2, 2012 ltr p. 2. "Vicky's" employment experiences after graduating from college were not reportedly affected by any trading of her images, as in Green's last report of April 11, 2014, he reported that she "has not worked since the last status report, channeling her energies primarily into educational pursuits, relationship development, and spiritual endeavors." Id. Exh. 3, Green Apr. 11, 2014 ltr p. 4.

## ARGUMENT

**I.     Legal Standard**

The Court may order restitution under 18 U.S.C. § 2259 only to the extent the Government proves that Mr. Miltier's offense of conviction proximately caused "Vicky's" losses. Paroline v. United States, 134 S.Ct. 1710, 1722 (2014).

In arriving at a proper restitution amount, a court must first determine "the amount of the victim's losses caused by the continuing traffic in the victim's images" and then evaluate the relative causal significance of the defendant's conduct in relation to the victim's total losses using a series of factors. Id. at 1728 (2014). The factors are:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

Id.

**II.    There Has Been No Evidence Found By The Jury To Support Restitution**

There has been no evidence presented to and then found by the jury that Defendant received an image of "Vicky." In the absence of that evidence and finding, restitution is not permissible under Apprendi v New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S.Ct. 2151 (2013).

**III.   The Government Has Failed To Prove "Vicky's" Damages**

The materials submitted by the Government are wholly speculative on the amount of

4

damages "Vicky" alleges to have suffered from the continuing traffic in her images. Despite Hepburn's protestations that the damages claimed are all proximately caused by continued trading in her images, her own psychologist disagrees: "Based upon the informational sources used for this update report, it is my professional opinion that Ms. Doe continues to experience the consequences of the original sexual victimization." Hepburn ltr Exh. 5, Green Apr. 11, 2014 ltr p. 18. As a result, the Government has presented no evidence on what damages "Vicky" has suffered from the traffic in her images, a necessary predicate to any restitution award.

Beyond this evisceration of the basis for the damage figures, the figures presented were calculated in 2014 and no attempt has been made to validate them over the past two and one-half years. The future lost wage damages are predicated on a salary of $40,000 in 2012 dollars. Id. Exh. 7 p. 3. What is "Vicky" earning with a master's degree? The Government does not say. Is she working or has she decided to stay home with her new baby, born in May 2014, and her step-daughter, now aged five? The Government does not say.

The figures were not based on reality to start with. For example, Hepburn asserts that "Vicky" needs $113,600 in future therapy costs. Yet Green's chart from which this figure is derived, id. Exh. 5, Green Apr. 11, 2014 ltr p. 18, includes estimates for past therapy sessions, whether or not they actually occurred, and fails to account for periods when no therapy occurred: in his March 3, 2012 report, Green admitted that "Vicky" had not seen a therapist since May 2011, id. Exh. 5, Green Mar. 3, 2012 ltr p. 4, but failed to account for that in his estimate of "future" damages in 2014.

The Court cannot comply with the first prong of Paroline because it does not have the evidence to do so.

**IV.     The Causal Significance Of Count Seven Is Minute**

Were the Court to proceed past the infirmities addressed supra, it should nevertheless find that the causal significance of count seven to any damages suffered by "Vicky" from the continuing traffic in her images is minute.  The file at issue in count seven was created on April 28, 2014.  Govt Exh. 43.  It was last accessed the same date.  Id.  It is a single file.  The Court has determined, and the Government has conceded, that Mr. Miltier did not knowingly distribute any child pornography, let alone the file in count seven.  More than 830 other defendants have contributed to the claimed losses, but with the nature of the internet, the actual number of offenders must be numbered in the tens of thousands given the apparent prolific dissemination of the "Vicky" series on the internet.  Mr. Miltier had no connection to the initial production of any "Vicky" images.

In United States v. McIntosh, no. 4:14cr28 (E.D.Va. Oct. 22, 2014), the Government sought $25,000 in restitution against a defendant who possessed 51 picture images and 98 videos of "Vicky" from as early as 2009.  Hepburn Letter Exh. 11, slip op. at 2.  The Court awarded restitution of $14,500 for the 149 files.  Id., slip op. at 12.  In United States v. Burgess, no. 15-7480 (4th Cir. Jun. 16, 2016) (unpub., per cur.), the Fourth Circuit affirmed following remand a restitution award of $600 against a defendant who possessed images of "Vicky."

The formula used in McIntosh suggests that this Court ordered restitution in the amount of less than $100 per file, despite an enhancement for a sadistic or masochistic image of "Vicky" in the defendant's possession.  Hepburn Letter Exh. 11, slip op. at 12.  Should the Court reach the question, which it should not under the evidence presented, the findings of the jury, and Paroline, the Court should not award restitution in excess of $100 against Mr. Miltier.

## CONCLUSION

For the reasons stated above, the Court should deny the request for restitution to "Vicky."

This the 27th day of October, 2016.

**RONALD MILTIER**

_____/s/_____

James R. Theuer (VSB #68712)
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA 23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com
Attorney for Defendant Ronald Miltier

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

> Joseph L. Kosky, Esq.
> Ass't U.S. Attorney
> 8000 World Trade Center
> 101 W. Main St.
> Norfolk, VA 23510
> joseph.kosky@usdoj.gov

and with a copy by email and mail to the following non-ECF user:

> Leah D. Greathouse
> U.S. Probation Officer
> 600 Granby St.
> Norfolk, VA 23510
> Leah_Greathouse@vaep.uscourts.gov

                                                /s/
James R. Theuer (VSB #68712)
Attorney for Defendant Ronald Miltier
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA  23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com